# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ALEXANDER R. GIFFORD,

        *Plaintiff,*

CASE NO. 18-13344
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

UNITED STATES OF AMERICA, and
FEDERAL BUREAU OF INVESTIGATION,

        *Defendants.*

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Plaintiff Alexander Gifford's *in forma pauperis* (IFP) complaint is before the Court for screening under 28 U.S.C. § 1915(e). For the reasons that follow, I conclude that it is frivolous or, alternatively, fails to state a claim. Accordingly, I recommend that the case be **DISMISSED**.

### II.   FACTUAL BACKGROUND

Plaintiff filed the present *pro se* complaint purporting to represent the "people of Puerto Rico" in a class action lawsuit against the "United States of America[,] Represented by [President] Donald J. Trump," and the Federal Bureau of Investigation. (Pl. compl., R. 1, PageID 1.)[1] The complaint was completed on a preprinted form. In the space provided for listing the

---

[1] It is unclear whether President Trump is meant to represent the United States as a lawyer, symbolically, or as an additional Defendant.

1

laws at issue, Plaintiff writes, "U.S. Constitution, Amendment 14, Section 1." (*Id.* at PageID 3.) Plaintiff states he is a citizen of Michigan. (*Id.*). His statement of the claim is, in full, as follows:

> I know that the U.S. government had prior knowledge of Hurricane Maria, that they used this information in a negligent manner, resulting in injury or/and loss of life. The event occurred between 9/16/17 and 10/2/17. I believe the Federal Tort Claims Act supercedes [sic] sovereign immunity.

(*Id.* at PageID 4.) As relief, Plaintiff wants the Court to "make Puerto Rico 51st state of United States" and also asks for "restructuring/abolishment of all debt." (*Id.*)

This is not Plaintiff's first lawsuit over Hurricane Maria. In August 2018 he filed a similar action against the Federal Bureau of Investigation, appearing to deem himself as a co-Plaintiff with the Commonwealth of Puerto Rico. Compl. at PageID 1, *Gifford v. Fed. Bur. Investig.*, No. 18-12490 (E.D. Mich. Aug. 10, 2018). Asking for the same relief as here, he claimed that the Bureau had "prior knowledge of the dangers posed by Hurricanes Maria/Irma. Manipulation of Commonwealth of Puerto Rico. [sic] Specifically warned to 'do something' 10 years prior to Maria/Irma." *Id.* at PageID 4. That case was voluntarily dismissed on October 9, 2018, Order at PageID 20, *Gifford v. Fed. Bur. Investig.*, No. 18-12490 (E.D. Mich. Oct. 9, 2018), and the present case was filed around two weeks later.

### III. LEGAL BACKGROUND

Plaintiff is proceeding IFP, (R. 6), subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to authorize commencement of civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have

equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.*

As noted, the IFP statute also requires screening frivolous claims. The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because the screening provision is designed to discourage the filing of "baseless lawsuits that paying litigants generally do not initiate because of the costs," the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. As such, the process "replicate[s] the function of screening out inarguable claims which is played in the realm of paid cases by financial considerations." *Id.* at 328.[2]

"[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Consequently, while "factual allegations must be weighted in favor of the plaintiff," courts are not obliged to accept that the complaint has an arguable basis in fact. *Id.* "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

---

[2] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but it could still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. See Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

4

available to contradict them." *Id.* at 33. Examples of factually baseless claims are those "describing fantastic or delusional scenarios." *Neitzke*, 490 US at 327.[3]

## IV. ANALYSIS

A host of problems with Plaintiff's complaint leads to the conclusion that it is frivolous under 28 U.S.C. § 1915(e)(2)(B). To begin, he does not allege any injury to himself or his interests, and the representations in his IFP application—specifically, that his assets include only his home (with "parcels of land") and a car—show no connections with Puerto Rico. (IFP App., R. 2, PageID 7-8). He contends that Defendants "had prior knowledge of Hurricane Maria" and "used this information in a negligent manner." (R. 1, PageID 4.) But he does not divulge what the "prior knowledge" was, how it was negligently employed, what injuries occurred (aside from

---

[3] Apart from the statutory IFP screening procedures, courts must of course also consider subject-matter jurisdiction. Federal courts have jurisdiction over federal questions, i.e., those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But it is not enough that a claim puts forwards a putative federal question. 13D Wright & Miller, *Federal Prac. & Proc.* § 3564 (3d ed.) ("Not ever claim 'arising under' federal law will invoke federal question jurisdiction."). Rather, under the "substantiality doctrine," the Supreme Court "has repeatedly held that federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,'" "'wholly insubstantial,'" "'obviously frivolous,'" "'plainly unsubstantial,'" or "'no longer open to discussion.'" *Hagans v. Lavine*, 415 U.S. 528, 536-38 (1974). Courts can *sua sponte* dismiss claims of this stripe under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Under this procedure, the Sixth Circuit has dismissed claims that were "not arguably plausible." *Id.*

Because it is jurisdictional, this doctrine applies even in non-IFP cases. *Id.* While the doctrine has been cited in IFP cases, see, e.g., *Lanzon v. Unadilla Twp. Police Dep't.*, No. 18-12819, 2018 WL 4829321, at *1 (E.D. Mich. Oct. 4, 2018), I recommend dismissing the present claim under the IFP statute because it is broader, allowing dismissal for frivolousness and failure to state a claim. Additionally, recent caselaw on the substantiality doctrine is sparse, see 13D Wright & Miller, *supra* at § 3564; Snyder III, *Barbarians at the Gate?: The Law of Frivolity as Illuminated by Pro Se Tax Protest Cases*, 54 Wayne L. Rev. 1249, 1258 (2008), and so the contours of frivolousness under the doctrine are not as well developed.

the "loss of life," which did not include Plaintiff's), how any of these things are causally connected, or how Plaintiff's cognizable interests were affected by these events. (*Id.*) Likewise, Plaintiff asserts that the 14th Amendment is at issue, but does not indicate whether the claim involves privileges and immunities, due process, or equal protection rights. Nothing in the complaint suggests that any of these concepts is involved: there is no suggestion that any privileges or immunities are at stake or that Defendants' actions deprived Plaintiff of a property interest without proper process or afforded him disparate treatment that burdened a fundamental right, targeted a suspect class, or lacked a rational basis. See generally *Paterek v. Village of Armada, Mich.*, 801 F.3d 630, 648-50 (6th Cir. 2015) (describing equal protection and due process claims); *Salem Blue Collar Workers Assoc. v. City of Salem*, 33 F.3d 265, 268 (3d Cir. 1994) (discussing the requirements for a valid privileges and immunities claim).[4]

Thus, Plaintiff does not contend that Defendants' actions violated his protected rights or affected him at all. Without that, the complaint lacks a cognizable legal claim and is frivolous. Cf. *Hall v. Cooper*, No. 16-12610, 2017 WL 3278896, at *2 (E.D. Mich. June 21, 2017) (finding

---

[4] Plaintiff mentions that the Federal Tort Claims Act (FTCA) waived Defendants' sovereign immunity, but he does not appear to make any claim under that statute. The FTCA provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "[T]he test established by the Tort Claims Act for determining the United States' liability is whether a private person would be responsible for similar negligence under the laws of the State where the acts occurred." *Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957). It is unclear where Defendants' negligence occurred, but the alleged injuries happened in Puerto Rico. Assuming Puerto Rican law applies, he would need to demonstrate an injury and proximate causation. See *Rios Colon v. United States*, 928 F. Supp. 2d 376, 386 (D. P.R. 2012) (applying the law of Puerto Rico to an FTCA claim). For the same reasons as above, he has done neither. Thus the claim lacks any arguable basis in law or fact for concluding he was injured or that any such injury was caused by Defendants. Any FTCA claim thus would be frivolous.

6

that a complaint was frivolous for purposes of subject-matter jurisdiction because the plaintiff did not causally link the alleged actions to the violation of protected rights). At best, Plaintiff asserts claims on behalf of others, attempting to show Defendants violated the undisclosed constitutional rights of other people with whom he has no identifiable connection. Even this generous construction of his complaint must find it frivolous for the same reason as above, namely, the absence of any allegation that he was injured by Defendants. The claim thus does not allege an "injury in fact" to his interests that is fairly traceable to Defendants' conduct—this failure means that he lacks standing to bring the instant claim. See *Lugan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that standing requires an injury in fact that can be traced to a defendant's conduct, and that at the pleading stage this is determined by the "general factual allegations"). Without standing, the case should be dismissed as frivolous because "there is no legal basis for the plaintiff[']s claims." *Walsh v. Mariani*, No. 16-1269, 2016 WL 3704868, at *1 (M.D. Penn. July 12, 2016); see also *Beauchamp v. Sullivan*, 21 F.3d 789, 790 (7th Cir. 1994) (affirming dismissal under 28 U.S.C. § 1915 and noting that a court can dismiss due to frivolousness as an alternative to dismissing based on lack of standing); *Levay v. United States*, No. 17-cv-10517, 2017 WL 2953046, at *2 (E.D. Mich. July 11, 2017) (characterizing a complaint as frivolous because the plaintiff lacked standing).

The frivolousness of Plaintiff's claim can also be seen by its attempt to institute a class action, with Plaintiff apparently serving as the representative party of the class, the "People of Puerto Rico." (R. 1, PageID 1.) Individuals seeking to certify a class action have the burden of demonstrating they are members of the class and "'possess the same interest and suffer the same injury' as the class members." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147,

7

156 (1982) (citation omitted); see also *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) ("The party seeking the class certification bears the burden of proof" regarding the prerequisites to certification.). Yet, here, Plaintiff's complaint says he is a citizen of Michigan and gives no indication of any links he might have to Puerto Rico. Likewise, his IFP application contains nothing suggesting connections to Puerto Rico. He has not alleged that he suffered any injury relating to Hurricane Maria, let alone one in common with the "People of Puerto Rico."[5] Consequently, Plaintiff has provided no basis for believing he could lead the "People of Puerto Rico" in this lawsuit.

For similar reasons, even if the Plaintiff's complaint is not frivolous, I would conclude that it should nonetheless be dismissed because it fails to state a claim. The complaint does not assert any injury to Plaintiff or a plausible causal link between Defendants' alleged negligence and injury to anyone. Even a charitable construction of the complaint's statement that injuries "result[ed]" from Defendants' "negligent" conduct cannot escape the conclusory nature of this legal allegation and the absence of supporting facts, whether direct or inferential. Cf. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) ("[W]e need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.' . .

---

[5] It is worth noting, too, that the relief Plaintiff requests—making Puerto Rico the 51st state and "restructuring/abolishment of all debt" (presumably Puerto Rico's debt)—is plainly beyond the Court's power to order. Thus, he has not articulated a non-frivolous legal claim to relief. See *Levay*, 2017 WL 2953046, at *2 (characterizing a complaint as frivolous where the relief requested was outside the Court's power to grant and, in part, unconstitutional); cf. *Gonazles v. F.B.I.*, No. 2:09-CV-13590, 2009 WL 3388648, at *1 (E.D. Mich, Oct. 16, 2009) (noting that the requested relief was not legally available and concluding that "[b]ecause Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted"). However, the demand for judgment is not part of the claim for purposes of testing a pleading's sufficiency and a court is not bound by the relief requested. 5 Wright & Miller, *supra* at § 1255.

. The plaintiff's complaint instead 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory.'" (citations omitted)). Absent a plausible allegation of an injury brought on by Defendants, Plaintiff's complaint fails to state a claim under the 14th Amendment.

## V. CONCLUSION

In short, Plaintiff offers no arguable basis for concluding that Defendants' conduct affected him (or anyone else). Consequently, his claim is frivolous. Alternatively, and for similar reasons, Plaintiff has failed to state a claim. I therefore recommend that his case be **DISMISSED**.

## VI. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 6, 2018                S/ Patricia T. Morris
                                       Patricia T. Morris
                                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Alexander R. Gifford at 9873 County Road 489, Atlanta, MI 49709.

Date: November 6, 2018                 By s/Kristen Castaneda
                                       Case Manager