UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER GIFFORD,

    Plaintiff,                                          Case No. 18-13344-BC
v.                                                    Honorable Thomas L. Ludington

UNITED STATES OF AMERICA, et al.

    Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT**

On October 25, 2018, Plaintiff filed the present pro se complaint purporting to represent the "people of Puerto Rico" in a class action lawsuit against the "United States of America[,] Represented by [President] Donald J. Trump," and the Federal Bureau of Investigation. Pl. compl., R. 1, PageID 1.[1] The complaint was completed on a preprinted form. In the space provided for listing the laws at issue, Plaintiff writes, "U.S. Constitution, Amendment 14, Section 1." *Id.* at PageID 3. Plaintiff states he is a citizen of Michigan. *Id.* His statement of the claim is, in full, as follows:

> I know that the U.S. government had prior knowledge of Hurricane Maria, that they used this information in a negligent manner, resulting in injury or/and loss of life. The event occurred between 9/16/17 and 10/2/17. I believe the Federal Tort Claims Act supercedes [sic] sovereign immunity.

*Id.* at PageID 4. As relief, Plaintiff wants the Court to "make Puerto Rico 51st state of United States" and also asks for "restructuring/abolishment of all debt." *Id*.

---

[1] Judge Morris noted that this is not Plaintiff's first lawsuit over Hurricane Maria. In August 2018 he filed a similar action against the Federal Bureau of Investigation, appearing to deem himself as a co-Plaintiff with the Commonwealth of Puerto Rico. Compl. at PageID 1, *Gifford v. Fed. Bur. Investig.*, No. 18-12490 (E.D. Mich. Aug. 10, 2018).

The matter is subject to *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B) for frivolity or failure to state a claim. On October 30, 2018, pre-trial matters were referred to Magistrate Judge Patricia T. Morris. On November 2, 2018, Plaintiff filed a request for a new judge, stating as follows: "1) I would like to have this case heard by a Judge. I believe the magnitude of the material warrants it. 2) I would like to request a new Judge." ECF No. 8. The request will be denied as it fails to set forth any basis for the requested relief.

On November 6, 2018, Judge Morris issued a report, recommending that the Court dismiss Plaintiff's complaint for frivolity and failure to state a claim. ECF No. 7. Judge Morris found several defects in the complaint, including: 1) Plaintiff alleges no injury to himself; 2) Plaintiff does not explain how the 14th amendment is implicated; 3) Plaintiff does not elaborate on his conclusory allegations that Defendant had "prior knowledge" or used it in a "negligent manner." *Id.*

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**II**.

On November 15, 2018, Plaintiff filed objections which read as follows:

> Objection #1: Elaboration on statement of Claim. This statement of facts should help clarify the case. The United States Constitution, Amendment 14, Section 1, provides any person within its jurisdiction the equal protection of the laws. The Immigration and Nationality Act (INA) 302 acknowledges Puerto Ricans born after 1/13/41 are citizens of the United States at birth. This gives almost all Puerto Ricans equal protection under the United States law. Now, the fact that this was not the first predicted hurricane (hurricane sandy was the first) proves negligence (as well as pattern-or-practice activity), duty of care, breach of duty, damage and causation all occurred. Negligence on a grand scale. We were all forced to endure a known natural, catastrophic event. We all suffered the same injury. Specifically, the intentional infliction of emotional distress (IIED), the tort of outrage pertains to everyone.
> And let's not minimize the loss of life, depending on what study you reference, 64 to 3500 people are no longer with us, as a result of this hurricane.
> Now I realize these claims are somewhat outlandish. I assure you I am not "off my rocker," delusional, or having any type of episode. I will list a corroborating witness who can provide verification of facts, allowing you to make an informed decision . . .

> Objection #2: President Trump's role. President Trump is an additional defendant. The president made the decisions and has to accept the ultimate responsibility for those decision. I can prove that the government had knowledge of hurricane Maria, and if the President is the government leader, negligence falls to him.

ECF No. 9.

Plaintiff's filing does not constitute an objection because it does not attempt to set forth any defect in Judge Morris's reasoning. To the extent his filing can be construed as a motion to amend insofar as he seeks to offer an "elaboration on statement of claim," the motion is denied. His "elaboration" of the claim still fails to set forth basic information such as 1) what allegedly wrongful conduct Defendants engaged in; 2) how that conduct violated the 14th amendment; and 3) what injury he suffered as a result of that conduct.

**III**.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 9, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 7, is **ADOPTED**.

It is further **ORDERED** that the request for a new judge, ECF No. 8, is **DENIED.**

It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED** with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 25, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Alexander Gifford at 9873 County Road 489, Atlanta, MI 49709 by first class U.S. mail on January 25, 2019.

                                              s/Kelly Winslow
                                              KELLY WINSLOW, Case Manager